LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
KOREA LINE CORPORATION
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KOREA LINE CORPORATION,         :     07 Civ. _____ ( )

              Plaintiff,        :     **ECF CASE**

     - against -                     :

EVERSPEED ENTERPRISES LTD.,     :

              Defendant.        :
------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, KOREA LINE CORPORATION (hereinafter referred to as "KLC" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, EVERSPEED ENTERPRISES LTD. (hereinafter referred to as "EVERSPEED" or Defendant) alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Korea..

3.	Upon information and belief, Defendant EVERSPEED was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a registered place of business in the British Virgin Islands and an office in Malaysia.

4.	By a charter party dated March 3, 2005, KLC chartered the Vessel M/V "ALEXANDITSA" (ex M/V "ALAM SENTOSA") (hereafter referred to as "Vessel) from EVERSPEED..

5.	During the course of the aforesaid charter, certain disputes arose between the parties regarding Defendant's failure to agree to Vessel off-hire periods to extend the duration of the charter thereby depriving Plaintiff of the use of the Vessel and causing it lost revenue all in breach of charter party clause 56; vessel crane breakdown at Tuxpan, Mexico, resulting in vessel lost time; cargo damage at Dekheila resulting in vessel lost time; vessel anchor fouling at Dekeheila, Egypt resulting in vessel lost time.

6.	Plaintiff reserves the right to claim against Defendant for potential cargo damage for 2,444 MT yellow corn in bulk carried aboard the Vessel and discharged at El Dekheila Egypt, due to which it may, at a future point in time, be presented with a claim and/or be required to provide security and/or be exposed to monetary damage due to Defendant's breach of charter party obligations to safely load, stow, carry and discharge cargo.

7.	As a result of Defendant's breach of the charter party, KLC has sustained damages in the total principal amount, as best as may presently be approximated, of $1,331,943.39, exclusive of accumulated interest, arbitration costs and attorneys fees.

8.	The aforesaid charter party provides that disputes will be settled in London arbitration with English law to apply.

9.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | On the principal claims: | | $1,331,943.39; |
| | 1. Failure to agree to Vessel off-hire /extend charter: | $650,444.96; | |
| | 2. Loss of vessel time - crane breakdown (Tuxpan): | $257,444.28; | |
| | 3. Loss of vessel time - cargo damage (Dekheila): | $411,018.84 | |
| | 4. Loss of vessel time - anchor fouling (Dekheila): | $13,035.31 | |
| B. | 3 years of interest at 7.5% per annum: | | $322,725.72; and |
| C. | Attorneys fees and arbitration costs: | | $250,000.00. |
| **Total:** | | | **$1,904,669.11.** |

9.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

10.  The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

11.  The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,904,669.11.**

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,904,669.11** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
July 27, 2007

The Plaintiff,
KOREAN LINE CORPORATION

By: _____
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)

LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
kjl@lenmur.com
cem@lenmur.com

## **ATTORNEY'S VERIFICATION**

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1.  My name is Kevin J. Lennon.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, NY
         July 27, 2007

_____
Kevin J. Lennon